[No. 4432. Decided   November 3, 1902.]

THE STATE OF WASHINGTON *on the Relation of Lowman & Hanford Stationery & Printing Company, Respondent, v.* JOHN RIPLINGER, *Comptroller of the City of Seattle, Appellant.*

MUNICIPAL CORPORATIONS — AMENDMENT OF CHARTER — SUBMISSION TO VOTE.

The fact that a charter amendment consisting of seven sections was submited to a vote of the people as one proposition instead of as seven would not invalidate the submission, under a charter regulation providing "that if more than one amendment be submitted at the same general election the same shall be submitted at such election in such manner that each proposed amendment may be voted on separately without prejudice to the others," where it was plainly the intention that the new provisions should be substituted as a whole for the old provisions, all the sections being part of one article devoted to but one special subject.

SAME — EFFECT OF AMENDMENT — REPEAL BY IMPLICATION — EXPENDITURE OF LIBRARY FUND — POWERS VESTED IN LIBRARY BOARD.

The adoption of an amendment to the Seattle city charter providing that the library board shall alone have authority to expend the library fund, and shall certify every such expenditure to the city comptroller, who shall issue his warrants therefor to the city treasurer and the same shall be paid out of any money in the library fund not otherwise appropriated is a repeal, so far as the expenditure of the library fund is concerned, of art. 9, § 7, of the charter, which provides that warrants can be drawn only in pursuance of an order of the city council, and of § 12, of art. 9, which declares that all claims against the city of whatsoever na-

ture shall be examined and allowed or disallowed by the auditing committee.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge. Affirmed.

*Mitchell Gilliam* and *William Parmerlee,* for appellant.

*Preston, Carr & Gilman* and *Jay C. Allen,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an appeal from an order and judgment granting a peremptory writ of mandate against the appellant, who is comptroller and *ex officio* clerk of the city of Seattle, requiring him to issue and deliver to the relator a warrant upon the treasurer of the city of Seattle, payable out of the library fund, for the sum of $245.29. On the petition of the relator an alternative writ was issued, to which the appellant filed his return.    The court adjudged the return insufficient in law, and granted the peremptory writ.    There is no dispute as to the facts. Prior to the city election of 1902, the charter of the city of Seattle, article 14, provided for the library department of the city.    Said article 14 consisted of seven sections. Sections 1 and 2 in the original article are practically the same as in the amended article.    Omitting said sections, the article is as follows:

"Sec. 3.    There shall be five library commissioners appointed by the mayor, who shall hold office for five years, serve without compensation, and be subject to removal by the mayor.    The five commissioners first appointed shall so classify themselves that one of them shall go out of office each year, beginning December 31, 1896.    The commissioner having the shortest term to serve shall be chairman of the commission, and the librarian shall be secretary thereof.    There shall be a librarian appointed by the

mayor, whose appointment and tenure shall be subject to the provisions of article XVI of this charter.

"Sec. 4.   Subject to the direction and control of the city council, the librarian shall have the custody, management and control of the library, and, under civil service rules, have the appointment and removal of his subordinates.

"Sec. 5.   It shall be the duty of the library commissioners to visit the library at least monthly, and to make proper recommendations to the mayor, city council and librarian concerning the management of the library and the purchase of books.

"Sec. 6.   The city council shall provide for the expense of operating, maintaining and enlarging the library by monthly appropriation from the library fund, the same to be expended in the manner provided by ordinance or by this charter, but shall not have power to create any debt or obligation against the fund, except in so far as there shall be money therein with which to pay the same.

"Sec. 7.   The Seattle Public Library shall be open for the use of the public under such regulations as the city council shall by ordinance prescribe."

On the 23d day of December, 1901, the city council passed a resolution, No. 677, of which the following is a copy:

"That sections 1, 2, 3, 4, 5, 6 and 7, of Article Fourteen of the City Charter of the City of Seattle be amended so as to read as follows:

"ARTICLE   FOURTEEN.

"The Library Department.

"Section 1.   That there shall be a library fund, which shall consist of:

First—Such gifts, bequests and devises as may be given, bequeathed or devised to the city of Seattle or any trustee for the uses or purposes of the 'Seattle Public Library.'

Second—Ten per centum of the gross receipts of the city from all fines, penalties and licenses.

Third—The rents, issues and profits derived from any

property which may be held or owned in trust for said library by the city or any other trustee.

Fourth—Any appropriation that the city council may make for said fund from time to time.

Fifth—Such annual tax levy as the city council may provide.

"Section 2. The title of all property belonging to the Seattle Public Library shall be and remain in the name of the city and shall be held inviolable in trust for the use and benefits of said library.

"Section 3. There shall be seven library trustees who shall constitute and be known as 'The Library Board,' and be the governing body of the library. The mayor, with the consent of the city council, shall appoint seven trustees, each of whom shall hold office for seven years without compensation, and be subject to removal by the mayor. The present library commission, together with two new commissioners to be appointed by the mayor, one for the term of six years and one for the term of five years, beginning April 1, 1902, shall be the first library board, and the present commissioners shall continue to hold office as such trustees until the first day of April next succeeding the expiration of their respective terms as commissioners; and the mayor shall hereafter annually appoint one trustee for the term of seven years, beginning on the first day of April each year.

"Section 4. The librarian shall be elected by the board and subject to removal by it. Under civil service rules, he shall, by and with the consent of the library board, have the appointment and removal of all subordinate employees of the library.

"Section 5. The library board shall have the management and control of the public library as provided by the laws of the state of Washington, and shall alone have authority to expend the library fund; and the board shall certify every such expenditure to the city controller, who shall issue his warrants therefor to the city treasurer, and the same shall be paid by the treasurer out of any money in the library fund, not otherwise appropriated.

"Except as herein provided, the powers and duties of the library board and the management of the public library shall be according to the other provisions of this charter, and the laws of said state.

"And Be It Further Resolved, That the foregoing amendments be, and the same are hereby, submitted to the qualified voters of the city of Seattle for their ratification or rejection at the next general election to be held March 4, 1902."

At the general city election held on the 4th day of March, 1902, pursuant to said resolution, a ballot was prepared and voted upon in the following form:

"For proposed amendment No. 4 to the City Charter of the City of Seattle, as proposed by Resolution No. 677 of the City Council of said City, which said proposed amendment relates to the Library Department of the City.

Against proposed amendment No. 4 of the City Charter of the City of Seattle, as proposed by Resolution No. 677 of the City Council of said City, which said proposed amendment relates to the Library Department of the City."

At said election the amendment was adopted. Two questions are raised on this appeal, viz: (1) Was the said proposed amendment legally adopted as a part of the city charter of the city of Seattle? (2) If so, does it have the effect of requiring the comptroller to issue a warrant upon the city treasurer solely upon the certification of the library board, without any action by the city council? It is contended by the appellant that the manner in which these amendments were submitted is opposed to the provisions of the city charter relating to the proposal and adoption of amendments, which provides "that if more than one amendment be submitted at the same general election the same shall be submitted at such election in such manner that each proposed amendment may be voted on separately

without prejudice to the others;" and that inasmuch as there were seven separate sections of the charter in the ballots submitted to the voters at the election, all to be voted upon in one form of ballot, the voters were not permitted to segregate the sections which they might favor from those they were opposed to, and that they should have been permitted to vote upon each section separately. We think there can be no substantial objection to the manner in which this amendment was submitted. It seems plain that it was the intention to submit an entirely different scheme for the control and management of the library and the payment of its expenses, that the amendment proposed was in furtherance of this purpose, and that it was, in substance, an independent amendment. There is no provision that the amendments should be submitted in different sections. As is well said by the respondents, "There is no more reason in case of amendment in requiring each section to be separately submitted than for requiring each sentence to be so submitted;" that it is the unity of subject that is demanded by the charter provision requiring each amendment to be submitted separately. It appears evident from the language of the amendment that it was the intention that the new provision, as a whole, should be substituted in lieu of the old provision, as a whole. That being so, the voter was not deprived of the right to exercise his choice in voting upon the amendment.

We also think that it was the intention of the amendment to compel the comptroller to issue a warrant upon the city treasurer solely upon the certification of the library board, without any action by the city council. Section 5 provides, in terms, that the board shall alone have authority to expend the library fund; that it shall certify every such expenditure to the city comptroller, who shall

issue his warrants therefor to the city treasurer, and the same shall be paid by the treasurer out of any money in the library fund not otherwise appropriated. This provision is so clear and explicit that we are unable to construe it. Nothing that could be said would elucidate it. And if, as is contended, it is in conflict or inconsistent with and repugnant to the provisions of §§ 7 and 12 of article 9, being the last expression of the law making power on that subject, it must control. As was said in *Roche v. Mayor*, 40 N. J. Law, 257:

"Every statute must be considered according to what appears to have been the intention of the legislature, and even though two statutes, relating to the same subject, be not in terms repugnant or inconsistent, if the later statute is clearly intended to prescribe the only rule which should govern the case provided for, it will be construed as repealing the original act. The rule does not rest strictly upon the ground of repeal by implication, but upon the principle that when the legislature makes a revision of a particular statute, and frames a new statute upon the subject matter, and from the framework of the act it is apparent that the legislature designed a complete scheme for this matter, it is a legislative declaration that whatever is embraced in the new law shall prevail, and whatever is excluded is discarded. It is decisive evidence of an intention to prescribe the provisions contained in the later act as the only ones on that subject which shall be obligatory."

A comparison of the original sections with the sections amended conclusively shows that it was the intention of the city council to revise the entire matter to which they both had reference, and to substitute the new law for the old.

The judgment will therefore be affirmed.

REAVIS, C. J., and ANDERS, MOUNT and FULLERTON, JJ., concur.